UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON JACKSON, #290867,

    Plaintiff,

v.

    File No. 4:06-CV-75

    HON. ROBERT HOLMES BELL

TERRY BOATMAN,

    Defendant.
    _____/

## OPINION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Ramon Jackson against Defendant Terry Boatman. The event giving rise to Plaintiff's complaint is a major misconduct citation issued against Plaintiff by Defendant on December 12, 2005. The parties filed cross-motions for summary judgment. (Pl.'s Mot. for Summ. J., Docket #8; Def.'s Mot. for Summ. J., Docket # 15.) The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment as to Plaintiff's federal claims, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (R&R, Docket #21.) The matter is presently before the Court on Plaintiff's objections to the R&R. (Pl.'s Objections to the R&R, Docket #24.) For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted

as the opinion of the Court, subject to the two minor revisions discussed below.

## I.

This Court reviews *de novo* those portions of a R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. § 636(b)(1).

## II.

Plaintiff raises four objections to the R&R.

### A.

Plaintiff objects to the R&R contending that the R&R mis-characterizes the facts of his claim. Plaintiff's first specific objection is that the Magistrate Judge incorrectly disregarded the portion of Plaintiff's affidavit that states, "While plaintiff was being processed in segregation, the Defendant went to plaintiff's living area and packed up Plaintiff['s] property, disposing of Plaintiff['s] legal materials i.e. Affidavits, grievances, and court file from Case No. 2:05-cv-152, and Plaintiff['s] personal belongings." (Pl.'s Aff. of Facts, Docket #5, at 3.) The Magistrate Judge disregarded this statement based on Plaintiff's lack of personal knowledge of these events. Rule 56(e) requires that affidavits "be made on personal knowledge . . . ." Fed. R. Civ. P. 56(e). Plaintiff objects to the Magistrate Judge's disregard of the quoted statement on the premise that two of the cases cited by the Magistrate Judge, *Briggs v. Potter*, 463 F.3d 507, 512 (6th Cir. 2006), and *Brainard v. American Skandia Life Assurance Corp.*, 432 F.3d 655, 667 (6th Cir. 2005), are "inapposite to the facts

2

of this case." (Pl.'s Objections to the R&R 3.) The differences between the facts of the cases cited in the R&R and the facts of this case do not in any way diminish the requirement of Rule 56(e) that affidavits be made on personal knowledge. Plaintiff also contends that the Magistrate Judge was incorrect in concluding that Plaintiff lacked personal knowledge to make the above quoted statement. Plaintiff contends that he had personal knowledge of the events based on having read the report of Inspector William Irvin, who had interviewed Defendant and Officer Strauss. Plaintiff's argument acknowledges that his statement that was disregarded by the Magistrate Judge was based on a report prepared by a third-party. Plaintiff's review of the report prepared by Inspector Irvin does not give Plaintiff personal knowledge of the events described in the report. *See Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 495-96 (6th Cir. 2002) (holding that a plaintiff-affiant's statements that relied on information provided by a third-party did not meet the personal knowledge requirement of Rule 56(e)). Finally, Plaintiff's various contentions about the import of the disregarded statement cannot ameliorate his absence of personal knowledge.

Plaintiff's second specific objection to the statement of facts in the R&R is to the statement in the R&R that "Plaintiff did not present evidence indicating that he appealed his conviction." (R&R 7.) Plaintiff acknowledges this statement as true, but then directs the Court to evidence that he did not present to the Magistrate Judge. (Pl.'s Objections to the R&R 7-8.) In considering objections to the R&R, the Court "may also receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). Plaintiff has submitted a "Petition for Review"

3

that he filed with the Macomb County Circuit Court. (Pl.'s Objections to the R&R, Ex. A.) In consideration of the "Petition for Review," the Court amends the sentence in the R&R to: "Plaintiff presented evidence indicating that he appealed his conviction to the Macomb County Circuit Court."

Plaintiff's third specific objection to the statement of facts in the R&R is to the Magistrate Judge's discussion of the administrative hearing conducted by Resident Unit Manager Larry Nunnery. The R&R states:

> Plaintiff's "Affidavit of Fact" states that on March 2, 2006, Resident Unit Manager Larry Nunnery conducted an administrative hearing "concerning plaintiff's legal property where the result[] was "NO DISPOSITION RENDERED." According to plaintiff, Nunnery's finding was that plaintiff's property never arrived at MCF, and that Nunnery's contacts at LCF indicated that plaintiff's property could not be located.

(R&R 7.) Plaintiff objects that the "according to plaintiff" language makes it appear that the information was from Plaintiff, when it was in fact from the administrative hearing report. Under the heading "Reason for Disposition," the administrative hearing report states:

> No disposition rendered: The above list property [sic] during the property pack up was not received at this facility. Contact was made to the sending facility and it was stated that the property could not be located.

(Compl., Docket #1, Ex. F.) In consideration of the language in the administrative hearing report, the Court will delete "According to Plaintiff" from the beginning of the sentence.

Lastly, Plaintiff objects to the Magistrate Judge's description of Plaintiff's view of the cubicle area at the Lakeland Correctional Facility prior to December 12, 2005. Plaintiff

4

contends that Defendant's affidavit misrepresents the facts, however, the specific factual contention made by Plaintiff does not contradict either the R&R or Defendant's affidavit. The R&R and Defendant's affidavit both indicate that Plaintiff could not have seen the cubicle area from his housing assignment in the dayroom area. Plaintiff contends that he could stand in the mailbox area and observe the cubicle area. By Plaintiff's own description the mailbox area is at the corner hallway between the dayroom area and the cubicle area. Plaintiff could not see the cubicle area from the dayroom area, but Plaintiff could see the cubicle area from the mailbox area. This is fully consistent with both the R&R and Defendant's affidavit.

With the exception of the two minor modifications set forth above, Plaintiff's objection that the R&R mis-characterizes the facts is denied.

**B.**

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's claim is not cognizable as a § 1983 claim because his major misconduct conviction has not been invalidated. Plaintiff contends that the R&R does not accurately set forth the law as to when a state prisoner's § 1983 claim is barred because the prisoner's lawsuit questions the validity of the prisoner's conviction or the duration of the prisoner's sentence. Plaintiff primarily supports his position by reference to two cases: *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), and *Riley v. Kurtz*, 893 F. Supp. 709 (E.D. Mich. 1995). In *Riley* the plaintiff's claims did not involve a prior conviction, therefore the court was not confronted with the

5

question of whether plaintiff's claims were cognizable as § 1983 claims.  *Riley*, 893 F. Supp. at 711-13.  Moreover, *Riley* predates much of Supreme Court's jurisprudence on when a prisoner's § 1983 claim questions the validity of the prisoner's conviction or the duration of the prisoner's sentence and is therefore barred.  Plaintiff contends that like the plaintiff in *Muhammad*, his suit "could not . . . be construed as seeking a judgment at odds with his conviction . . . ."  *Muhammad*, 540 U.S. at 75.  Plaintiff contends that because he only seeks damages and not the restoration of good-time credits, he is not questioning the validity of his major misconduct violation.  The error in Plaintiff's contention is that the damages he seeks are premised on the invalidity of his major misconduct violation.  Plaintiff's repeated assertions that he is not challenging the validity of his major misconduct violation cannot alter the fact that he alleges that his major misconduct violation was the result of retaliation by Defendant.  Plaintiff's objection that the R&R is incorrect in finding that Plaintiff's claim is not presently cognizable under § 1983 is denied.

## C.

Plaintiff objects to the Magistrate Judge's conclusion that Defendant is entitled to summary judgment on Plaintiff's due process claim.  Plaintiff specifically objects to the conclusion that "Plaintiff failed to present any admissible evidence in support of his allegations that defendant destroyed his property or caused his papers to be misplaced."  (R&R 6.)  Plaintiff directs the Court to a variety of evidence that he contends supports his allegation that Defendant destroyed Plaintiff's property.  Plaintiff's objection does not,

6

however, address the adequacy of the postdeprivation remedies. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "[A] procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). As the Magistrate Judge noted, the Sixth Circuit has found that Michigan provides adequate postdeprivation remedies. *Copeland*, 57 F.3d at 480. Moreover, Plaintiff makes no contention in his objections to the R&R that Michigan's postdeprivation remedies are inadequate. Therefore, Plaintiff's objection to the Magistrate Judge's conclusion that Defendant is entitled to summary judgment on Plaintiff's due process claim is denied.

## D.

Plaintiff objects to the Magistrate Judge's conclusion that Defendant is entitled to summary judgment as a matter of law on Plaintiff's retaliation claim. Plaintiff objects that the Magistrate Judge mis-characterizes his complaint as not alleging "that [Plaintiff] was retaliated against for making verbal complaints against Defendant." (Pl.'s Objections to the R&R 25.) Contrary to Plaintiff's contention, the Magistrate Judge was clearly aware of this part of the complaint and in fact assumed for analytical purposes that this was protected conduct: "I will assume for analytical purposes that . . . the verbal complaints plaintiff made

7

regarding defendant constituted protected conduct." (R&R 17.)

Plaintiff next objects to the Magistrate Judge's conclusion that the adverse action against the Plaintiff would not have deterred a person of ordinary firmness from engaging in the protected conduct. Plaintiff contends that the cases cited by the Magistrate Judge are distinguishable. The factual differences identified by Plaintiff between the facts of the cases cited in the R&R and the facts of this case do not in any way alter the elements of a First Amendment retaliation claim as set forth in the Sixth Circuit's en banc decision in *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff next contends that the Magistrate Judge erred in construing Defendant's statement that he was going to enforce prison rules against Plaintiff. Plaintiff contends that this statement actually meant that Defendant was going to fabricate violations against Plaintiff. Plaintiff fails to identify any evidence that supports this construction of Defendant's statement. Additionally, Plaintiff has admitted that he engaged in the conduct that resulted in the major misconduct violation on December 12, 2005. Therefore, Plaintiff's objection to the Magistrate Judge's conclusion that Defendant is entitled to summary judgment on Plaintiff's retaliation claim is denied.

## IV.

Plaintiff also moves to pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend his complaint. Plaintiff seeks to amend his complaint to make it "clear that Plaintiff alleged that Defendant destroyed his property in retaliation for the protected conduct . . . ." (Pl.'s Objections to the R&R 27.) "In deciding whether to grant a motion to

8

amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)). Defendant's motion for summary judgment, which was filed on October 27, 2006, should have alerted Plaintiff to any need to amend the complaint. Plaintiff filed a response to Defendant's motion for summary judgment on November 28, 2006, but at that time he did not seek to amend the complaint. Instead, Plaintiff makes the motion for leave to amend as part of his objections to the R&R, which Plaintiff filed on April 5, 2007. This Court finds this to have been an undue delay. In addition, the analysis of Plaintiff's claim by both the Magistrate Judge and this Court presumed that Plaintiff was claiming that Defendant destroyed Plaintiff's property in retaliation for the protected conduct. Analyzed under this premise the Court has still determined that Defendant is entitled to summary judgment as a matter of law on Plaintiff's federal claims. Therefore, Plaintiff's proposed amendment would be futile. Plaintiff's motion for leave to amend his complaint is denied.

## V.

With the exception of the two minor changes to the Magistrate Judge's statement of the facts, the Court denies Plaintiff's objections to the R&R. As the R&R has been adopted as the opinion of the Court, the Court denies Plaintiff's motion for summary judgment, grants Defendant's motion for summary judgment as to Plaintiff's federal claims, and declines to

exercise supplemental jurisdiction over Plaintiff's state law claims.  A judgment will be entered consistent with this opinion.


Date:    August 10, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE